MGA ENTERTAINMENT, INC.
Elizabeth S. Lachman (SBN 261644)
elachman@mgae.com
9220 Winnetka Avenue
Chatsworth, CA 91311
Telephone: (818) 894-2525

Attorney for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELA HEDGE; and DOES 1-100 inclusive,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff, MGA ENTERTAINMENT, INC. ("Plaintiff" or "MGA") for its Complaint alleges as follows:

## INTRODUCTION

1. This action involves claims for copyright infringement of MGA's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; arising from the infringement of MGA's L.O.L. Surprise! copyrights (as defined below) by Defendant ANGELA HEDGE ("Defendant"), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed,

1

infringing products such as downloadable files and other artwork containing or comprised of designs with substantially similar and/or virtually identical copies of MGA's L.O.L. Surprise! characters and marks ("L.O.L. Surprise! Products").

## JURISDICTION AND VENUE

2.   This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; the Digital Millenium Copyright Act (DMCA); pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition.

3.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

4.   Personal jurisdiction exists over Defendant in this judicial district because when submitting Defendant's Counternotice under Etsy's Digital Millenium Copyright Act protocol, Defendant consented to the jurisdiction of this Court which is located in a District in which Etsy does business. Specifically, the DMCA Counternotice which Defendant submitted under penalty of perjury states, in relevant part:

> I swear under penalty of perjury that I have a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material.
>
> I consent to the jurisdiction of Federal Court for the judicial district in which I am located, or if my address is outside of the United States, for any judicial district in which Etsy is located, and that I will accept service of process from the person who provided the original notification or an agent of such person.

5. Further, Defendant regularly conducts, transacts, and/or solicits business in California and in this judicial district, and/or derive substantial revenue from its business transactions in California and in this judicial district, and/or otherwise avails itself of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendant do not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to Plaintiff in California and in this judicial district such that Defendant should reasonably expect such actions to have consequences in California and in this judicial district, for example:

    a. Defendant is systematically directing and/or targeting their business activities at consumers in the U.S., including California, through the global online ecommerce store Etsy.com through which consumers in the U.S., including California, can view listings for products containing unauthorized use of L.O.L. Surprise copyrights and place orders for and purchase products impermissibly using those copyrights for delivery in the U.S., including California, as a means for establishing regular business with the U.S., including California (the "Infringing Products").

    b. Defendant has transacted business with consumers located in the U.S., including California, for the sale and/or download of Infringing Products.

    c. Defendant is aware of MGA and its L.O.L. Surprise! Products, and aware that their infringing actions, alleged herein, are likely to cause injury to MGA in the U.S., in California, and in this judicial district specifically, as MGA conducts substantial business in California.

6. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, Defendant conducts, transacts, and/or solicits business in this judicial district and because Etsy also conducts, transacts, and/or solicits business in this judicial district.

## PARTIES

7. Plaintiff MGA ENTERTAINMENT, INC. is a Delaware corporation and consumer toy company having an address and principal place of business at 9220 Winnetka Avenue, Chatsworth, CA 91311.

8. Defendant ANGELA HEDGE is, upon information and believe, an individual residing in Kallangur, QLD, Australia, and conducting business in this judicial district through Etsy with the storefront name "KraftyKoalaAus."

9. Plaintiff is informed and believes, and based thereon, alleges that Defendant is in some manner responsible for the acts alleged herein and the harm, losses, and damages suffered by Plaintiff as alleged hereinafter.

10. Defendant DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. At such time as said Defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

11. Upon information and belief, at all times relevant herein, Defendant, including Does 1 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendant, and each of them; that in so doing the things alleged, said Defendant were acting within the course and scope of said partnership, agency, or employment; and that in so doing the things alleged, said Defendant is acting at all times with the knowledge, consent, and authorization of each of the other Defendant.

12. Upon information and belief, at all times relevant herein, Defendant, including Does 1 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have ceased; are a mere shell instrumentality and conduit through which Defendant carried on

their business by use of each other's names; completely controlled, dominated, managed, and operated each other's businesses to such an extent that any individuality or separateness of the Defendant do not and did not exist; completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade legal obligations and liability.

## GENERAL ALLEGATIONS

13. MGA is a leading designer, developer, marketer, and distributor of innovative children's toys and consumer entertainment products. MGA promotes and sells its products, including its L.O.L. Surprise! products, throughout the U.S. and the world through major retailers, quality toy stores, department stores, and online marketplaces. One of MGA's most popular and successful toys is a product line known as L.O.L. Surprise!, which was ranked the #1 selling toy in the U.S. for 2017, 2018, and 2019, according to N.P.D. Group, a retail tracking service (the "L.O.L. Surprise! Products").

14. L.O.L. Surprise! has achieved great success since its introduction in October 2016, and sold out within weeks of its launch.

15. Moreover, L.O.L. Surprise! is widely recognized as the must-have toy product for 2017, 2018, and 2019, as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, Toys R Us, Target, The Washington Post, Time, The Toy Insider, and Good Housekeeping.

## MGA'S REGISTERED WORKS

16. MGA owns both registered and unregistered copyrights in and related to the L.O.L. Surprise! Products. Defendant's Infringing Products infringe on MGA's registered works, including:

    a. MGA Anti-Counterfeiting Guide – L.O.L. Surprise!, bearing **U.S. Copyright Office Registration No. VAu 1-336-046**; and the

  b. L.O.L. Surprise! Brand Vision Guide, bearing **U.S. Copyright Office Registration No. VA 2-049-586**.

17. Etsy.com is a publicly traded corporation which hosts an e-commerce platform that allows users around the world to sell items, including handcrafted goods, art, customizable items, vintage pieces, and more. Defendant's sale of infringing products took place on and through the Etsy platform and website. Etsy is used by users and purchasers around the world, including in this district.

## DEFENDANT'S WRONGFUL AND INFRINGING CONDUCT

18. Particularly in light of MGA's success in marketing and selling its L.O.L. Surprise! Products identified by its L.O.L. Surprise! characters and marks, as well as the reputation they have gained, MGA and its L.O.L. Surprise! Products have become targets for unscrupulous individuals and entities that wish to unlawfully exploit and profit from the goodwill, reputation, and fame MGA amassed in its L.O.L. Surprise! Products and associated intellectual property.

19. MGA investigates and enforces against such activity, and through such efforts, learned of Defendant's actions which include, but are not limited to, selling various downloadable designs and/or artwork ("Infringing Products") constituting, comprised of, or containing characters that are substantially similar and virtually identical to the L.O.L. Surprise! characters.

20. Specifically, through Etsy.com, Defendant sells Infringing Products using designs identical and substantially similar to, or derivative of the copyrights of MGA's L.O.L. Surprise! Products, available for purchase by the general public. Such products are sold and made available to customers located in the U.S., including California.

## DMCA TAKEDOWN REQUEST

21. On or about July 7, 2023, in accordance with the Digital Millennium Copyright Act ("DMCA") and the policies set forth by selling platform Etsy.com,

MGA issued a takedown notice informing Etsy.com of Defendant's Infringing Products.

22. On or about July 11, 2023, MGA received a response from Etsy.com stating that Defendant had filed a counternotification disputing MGA's takedown notice instructing MGA to file a federal lawsuit within ten (10) business days, or else it would reinstate the Infringing Product and make it available again for sale on Etsy.com.

23. On or about July 11, 2023, MGA served a ceased-and-desist letter via the email address that the Defendant provided on Etsy informing her that MGA is aware of the online listing selling Infringing Products. MGA demanded that Defendant not relist the Infringing Products on Defendant's Etsy store site.

24. On or about July 11, 2023, MGA received a response from Defendant. The response did not agree to stop selling the Infringing Products and stated Defendant's desire to re-list the Infringing Products on Etsy.

25. On or about July 24, 2023, MGA sent a follow-up communication to Defendant reiterating its position and request that the Infringing Products not be re-listed. MGA asked for confirmation that Defendant would agree not to re-list the Infringing Products. As of the filing of this Complaint, MGA has not had a response that would obviate the need to file this lawsuit.

26. Accordingly, pursuant to 17 USC § 512(g)(2)(C), MGA hereby files this instant action "seeking a court order to restrain the [Etsy] subscriber from engaging in infringing activity relating to the material on the service provider's system or network."

## FIRST CAUSE OF ACTION
## Federal Copyright Infringement
## (17 U.S.C. § 501(a))

27. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

28. MGA is the exclusive owner of the L.O.L. Surprise! federally registered copyrights including but not limited to those covering L.O.L. Surprise! characters and marks, including:

    a. MGA Anti-Counterfeiting Guide – L.O.L. Surprise!, bearing **U.S. Copyright Office Registration No. VAu 1-336-046**; and the

    b. L.O.L. Surprise! Brand Vision Guide, bearing **U.S. Copyright Office Registration No. VA 2-049-586**.

29. Defendants Infringing Products are substantially similar and virtual copies of L.O.L. Surprise! characters in MGA's Registered Works identified above.

30. Defendant did not attempt and therefore inherently failed to obtain MGA's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, profit from, and/or market MGA's L.O.L. Surprise! Products and the federally registered copyrights associated therewith.

31. Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed MGA's L.O.L. Surprise! Products and associated copyrights by advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products substantially similar to MGA's L.O.L. Surprise! Products and their associated copyrights, including but not limited to those covering L.O.L. Surprise! characters and marks on Etsy and from which Defendant directly profited.

32. Defendant refused to act expeditiously to remove the Infringing Products after being put on actual notice of their infringement of MGA's exclusive rights in the L.O.L. Surprise! Products and the federally registered copyrights associated therewith and did so despite having the ability to remove the Infringing Products from Etsy.com.  Defendant's actions therefore rise to the level of willfulness.

33. Defendant further submitted a counternotification, in response to MGA's takedown notice, falsely claiming under penalty of perjury that it's Infringing

Product did not infringe upon MGA's intellectual property rights, which include MGA's copyrights, as set forth herein.

34. Defendant's unlawful and willful actions as alleged herein constitute infringement of MGA's L.O.L. Surprise! Products and their associated copyrights, including MGA's exclusive rights to reproduce, distribute, and/or sell such L.O.L. Surprise! Products in violation of 17 U.S.C. § 501(a).

35. Defendant knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to MGA in an amount as yet unknown but to be proven at trial, for which MGA has no adequate remedy at law, and unless enjoined, Defendant will continue to cause substantial and irreparable harm to MGA.

36. Based on Defendant's wrongful conduct, MGA is entitled to injunctive relief, MGA's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, MGA prays for judgment against Defendant as follows:

    a. For an award of MGA's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of MGA's L.O.L. Surprise! Products and their associated copyrights, under 17 U.S.C. § 501(a);

    b. In the alternative to MGA's actual damages and Defendant's profits for copyright infringement of MGA's L.O.L. Surprise! Products and their associated copyrights pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which MGA may elect prior to the rendering of final judgment;

c. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant who receive notice directly or otherwise of such injunction from:

  i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or making available for purchase and/or otherwise dealing in Infringing Products;

  ii. directly or indirectly infringing in any manner MGA's L.O.L. Surprise! Products and associated copyrights;

  iii. using any of MGA's copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, MGA's L.O.L. Surprise! Products and associated copyrights in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or making available for purchase, and/or otherwise dealing in the Infringing Products;

  iv. engaging in any other act in derogation of MGA's rights;

  v. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or making available for purchase and/or otherwise dealing in the Infringing Products;

  vi. from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, financial records, documents or any other records or evidence relating to Defendant's business, or dealings with the Infringing Products, and any money, securities or other

property or assets of Defendant (whether said assets are located in the U.S. or abroad) ("Defendant's Assets") from or to accounts associated with or utilized by Defendant (whether said account is located in the U.S. or abroad) relating to the Infringing Products ("Defendant's Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale or availability for purchase of Infringing Products;

vii.   from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendant's Assets or Defendant's Financial Accounts until further ordered by this Court;

viii.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

ix.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (viii) above.

d.   For an order of the Court requiring that Defendant deliver up for destruction to MGA any and all Infringing Products, and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of MGA's copyrights or other rights including, without limitation, MGA's L.O.L. Surprise! Products;

e.   For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or

otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

f.    For an order pursuant to 17 USC § 512(g)(2)(C) to "restrain the subscriber from engaging in infringing activity relating to the material on the service provider's system or network," namely through and order to Defendant and Etsy instructing them that the Infringing Product, and any other products infringing upon the L.O.L. Surprise! Products and their associated copyrights, shall be removed from Etsy and shall not be reinstated;

g.    For MGA's reasonable attorneys' fees;

h.    For all costs of suit; and

i.    For such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: July 25, 2023                      MGA Entertainment Inc.

                                             /s/ Elizabeth S. Lachman
Elizabeth S. Lachman
*Attorney for Plaintiff*
MGA Entertainment, Inc.
9220 Winnetka Avenue
Chatsworth, CA 91331
elachman@mgae.com
Telephone: (818) 894-2525